```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


SUCCESS SYS INC.,                   :
                                    :
     Plaintiff,                     :
                                    :
     v.                             :   CASE NO. 3:06CV1117(RNC)
                                    :
TAMMERICA LYNN et al.,              :
                                    :
     Defendants.                    :
```

RULING ON MOTION TO RECONSIDER SANCTIONS

Pending before the court is defendant Antoine Karam's Motion for Reconsideration, doc. #80, of the court's award of sanctions.  For the reasons set forth below, the motion is denied.

I.   Procedural History

The plaintiff, Success Systems, Inc., brought this action in July 2006 alleging inter alia that a competitor, defendant Antoine Karam, tortiously interfered with its business relations and violations of the Connecticut Uniform Trade Secrets Act and Connecticut Unfair Trade Practices Act.  Karam did not appear or defend.  After District Judge Robert N. Chatigny granted default judgment as to liability, the undersigned held a hearing on damages and issued a recommended ruling.  Karam did not appear at the hearing or object to the recommended ruling.  In April 2010, in the absence of objection, Judge Chatigny approved the

recommended ruling and entered final default judgment in favor of the plaintiff.  (Docs. #32, #33.)

In November 2011, Karam filed a Motion to Vacate arguing that the final judgment was void for lack of personal jurisdiction.  (Doc. #38.)  In April 2012, Judge Martinez scheduled an evidentiary hearing on personal jurisdiction and permitted the parties to exchange prehearing discovery.  (Doc. #49.)  One week before the August 2012 hearing, plaintiff filed an Emergency Motion to Compel asserting that the defendant had not complied with repeated prehearing discovery requests.  (Doc. #64.)  After giving Karam an opportunity to file a response (doc. #69), Judge Martinez granted the motion and awarded the plaintiff the reasonable expenses incurred in bringing the Motion to Compel.  (Doc. #72.)  In September 2012, after the evidentiary hearing, defendant filed the pending Motion for Reconsideration.  (Doc. #80.)

II.   Legal Standard

The standard for granting a motion for reconsideration "is strict, and reconsideration generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  A "motion to reconsider should not

2

be granted where the moving party seeks solely to relitigate an issue already decided." Id. "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 790 (1981)).

### III. Discussion

As grounds for reconsideration, the plaintiff reiterates the objections that he previously made to the plaintiff's Emergency Motion to Compel. Because a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided," Shrader, 70 F.3d at 257, reconsideration is not warranted here.

Moreover, even if the court were to reconsider, it would reach the same conclusion. Karam's central argument is that certain production requests granted by the court were not relevant to the issue of personal jurisdiction. Specifically, he argues that because personal jurisdiction is measured as of the filing date of the complaint and because he swore he had no Connecticut customers prior to the filing date, he had no obligation to respond to plaintiff's requests for documentation of his Connecticut customer accounts. The argument is not

3

availing.  In discovery, parties are given a broad scope to inquire "regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  Here, discovery of Karam's post-complaint Connecticut contacts was reasonably calculated to lead to the discovery of any such pre-complaint contacts.

Karam also argues that despite his relevance objection, he already "had substantially complied with [plaintiff's discovery] request by providing a copy of a 2007 invoice to Shippan Sunoco (his only Connecticut account)" prior to the filing of plaintiff's Motion to Compel.  (Def.'s Mem., doc. #80 at 2.) However, after the court granted plaintiff's Emergency Motion to Compel, Karam produced another responsive document that he had withheld despite plaintiff's repeated requests.  (See Zamat Aff., doc. #65-1 at 3-4.)  Where a movant prevails on a motion to compel or where the requested discovery is disclosed after the motion was filed, Rule 37(a)(5)[1] provides for the award of the reasonable expenses incurred in making the motion.  Both conditions were present here.

---

[1] In a clerical error, the court's Order granting plaintiff's Emergency Motion to Compel incorrectly cited Rule "37(b)(5)" instead of 37(a)(5).  (Doc. #72.)

4

IV. <u>Conclusion</u>

For the foregoing reasons, reconsideration is denied. The court will consider plaintiff's application for fees (doc. #74) in due course.

SO ORDERED at Hartford, Connecticut this 28th day of December, 2012.

                                               _____/s/_____
                                               Donna F. Martinez
                                             United States Magistrate Judge