```
             UNITED STATES DISTRICT COURT
               DISTRICT OF CONNECTICUT
```

SUCCESS SYSTEMS, INC.,          :

      Plaintiff,            :

V.                              :    Civil No. 3:06-cv-1117 (RNC)

TAMMERICA LYNN et al.,          :

      Defendants.           :

## RULING AND ORDER

    Defendant Antoine Karam has moved pursuant to Rule 60(b)(4) to vacate the default judgment entered against him arguing that the Court lacks personal jurisdiction over him and the judgment is therefore void (ECF No. 38). Magistrate Judge Martinez has recommended that the motion to vacate be denied (ECF No. 84). Karam has filed a motion for reconsideration (ECF No. 89) and an objection to the recommended ruling (ECF No. 90), both of which have been fully briefed. I agree with Karam that the default judgment must be vacated as to him.

I. Background

    In July 2006, plaintiff brought this diversity case against its former sales representative, Tammerica Lynn, as well as Karam, and Karam's company, AGKSoft, Inc., claiming breach of contract, tortious interference with business

relations, misappropriation of trade secrets and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"). Both the plaintiff and Karam engage in the business of designing and licensing software for the management of convenience stores.  The complaint alleged that after Lynn was terminated by the plaintiff in 2006, she used the plaintiff's proprietary information to solicit the plaintiff's customers on behalf of Karam in violation of a covenant not to compete contained in her contract with the plaintiff.  The complaint specifically alleged that Lynn had solicited business on behalf of Karam from two of the plaintiff's customers: Vaughan's Exxon, located in West Virginia, and Fast Stop, located in South Carolina.

Lynn and Karam were served but they failed to appear, leading to the entry of defaults against them.  Following an evidentiary hearing before Judge Martinez, at which neither of these defendants appeared, a default judgment was entered against both of them (ECF No. 33).  The judgment awarded the plaintiff damages for lost profits relating to the Vaughan's and Fast Stop accounts in the amount of $33,751.11, plus punitive damages under CUTPA of $67,502.22, and attorney's fees of $21,917.02.  <u>See</u> Final Default Judgment (ECF No.

33).

In June 2011, the plaintiff moved to enforce the judgment in the Federal District Court in Massachusetts, where Karam owned real property.  Karam responded by filing a motion to vacate the judgment.  Karam was ordered to bring his motion to vacate in this Court, which he subsequently did.  The motion was referred to Magistrate Judge Martinez.  Following discovery and an evidentiary hearing, Judge Martinez recommended that Karam's motion to vacate be denied because he had "failed to establish lack of personal jurisdiction by a preponderance of the evidence" (ECF No. 84 at 11).  Karam objects that the recommended ruling fails to identify a valid basis for exercising personal jurisdiction over him in this case.  I agree.  Even when viewed in a manner most favorable to the plaintiff, the record does not disclose a colorable basis for exercising personal jurisdiction over Karam under Connecticut's long-arm statute.

II.  Discussion

A default judgment is void if the court that rendered it lacked personal jurisdiction over the defendant.  City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d

Cir. 2011). A defendant may move to vacate a default judgment under Rule 60(b)(4) on the ground that the judgment is void for lack of personal jurisdiction even though the defendant received notice of the lawsuit through service of process. "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 123 (2d Cir. 2008). In such a case, the burden of proving a lack of personal jurisdiction is on the defendant. Id. at 126.

Three elements are required for the valid exercise of personal jurisdiction: (1) service of process must be procedurally proper; (2) service must be effected under one of the statutory bases enumerated in Fed. R. Civ. P. 4(k), such as a state's long-arm statute; and (3) the exercise of personal jurisdiction must comport with constitutional principles of due process. Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 60 (2d Cir. 2012). Karam argues that the second and third elements are not satisfied.

The recommended ruling concludes that Karam is subject to personal jurisdiction under Conn. Gen. Stat. § 52-59b(a)(1) because he has failed to carry his "burden of proving that he transacted no business in Connecticut within the meaning of the long-arm statute." Recommended Ruling at

10.  Karam objects that under this section of the long-arm statute, the cause of action sued upon must "arise from" the his transaction of business within the state, and the recommended ruling makes no finding regarding a connection between his business activity in Connecticut and the claims asserted against him.

Karam's objection is well-founded.  For personal jurisdiction to attach under § 52-59b(a)(1), the plaintiff must "allege a cause of action arising from the defendant's transaction of business in this state." Lego A/S v. Best-Lock Const. Toys, Inc., 3:11CV1586 CSH, 2012 WL 3573905 at *10 (D. Conn. 2012); Irwin v. Mahnke, 3:05CV976 (AHN), 2006 WL 691993 at *3 (D. Conn. Mar. 16, 2006) ("[Section § 52-59b(a)(1)] confer[s] jurisdiction only where the cause of action arises out of the transaction of any business within the state.").  "A claim 'arises out of' a defendant's transaction of business when there exists a substantial nexus between the business transacted and the cause of action sued upon." Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 31 (2d Cir. 1996) (internal citations omitted) (interpreting N.Y. Civ. Prac. L. & R. § 302(a), upon which the Connecticut long-arm statute was

modeled).[1]

Karam has denied that he solicited any business in Connecticut as a result of his contact with Lynn.  See Tr. of Hr'g on Mot. to Vacate (ECF No. 92) at 35.  The amended complaint contains no allegation that directly contradicts Karam's position.  It alleges only that Lynn, whose territory was the Southeastern United States, used plaintiff's proprietary information to solicit plaintiff's prospective and current customers on behalf of Karam.  Am. Compl. at 4.  There is no allegation that any of these customers is based in Connecticut.  The only customers mentioned in the amended complaint are Vaughan's Exxon, located in West Virginia, and Fast Stop, located in South Carolina, see id. at 5-6, and the default judgment is based solely on the Vaughan's and Fast Stop accounts.  See Recommended Ruling on Damages (ECF No. 31).[2]

---

[1] "[I]n enacting § 52-59b, the [Connecticut] legislature used New York Civil Practice Law § 302 . . . as a model. We therefore find pertinent the judicial interpretation given to that New York statute." Savin v. Ranier, 898 F.2d 304, 306 (2d Cir. 1990) (quoting Zartolas v. Nisenfeld, 184 Conn. 471, 474 (1981)).

[2] Even if the amended complaint alleged a substantial nexus between the plaintiff's claims and Karam's transaction of business in Connecticut, some evidence would still be required to defeat Karam's challenge. See "R" Best Produce, 540 F.3d at 125 ("[A]lthough the allegations of a complaint

During a recent telephone conference, plaintiff's counsel were asked to point to evidence that could provide a basis for jurisdiction under § 52-59b(a)(1).  Counsel pointed to Plaintiff's Exhibits 26 and 29 (See ECF No. 71), consisting, respectively, of invoices issued by Karam to Shippan Sunoco, which is located in Connecticut, and testimony of the plaintiff's president that Lynn traveled frequently to Connecticut, where she had access to plaintiff's servers and database lists.  See Tr. of Hr'g on Mot. to Vacate at 109-10.  Plaintiff appears to be arguing that because Lynn had access to plaintiff's proprietary information in Connecticut and Karam subsequently did business with customers in Connecticut, the Court should infer that Karam obtained one or more Connecticut customers as a result of Lynn's misappropriation of the plaintiff's proprietary information.  But there is no evidence supporting this theory of personal jurisdiction.  In particular, there is no evidence that Shippan Sunoco or any

---

are deemed admitted for adjudication of the *merits* when a default judgment is entered by a court with jurisdiction, the entry of a default judgment cannot serve to admit the facts necessary to establish such jurisdiction . . . In this case, the District Court made no findings (other than the inappropriate reliance on the default judgment) to establish [personal jurisdiction].").

of Karam's other Connecticut accounts appeared on a customer list misappropriated by Lynn.

Plaintiff contends that Karam is subject to personal jurisdiction under a different section of the long-arm statute, § 52-59b(a)(3), which confers jurisdiction over an individual who commits a tortious act outside of Connecticut causing injury inside the state.  This section of the long-arm statute is not addressed in the recommended ruling.  However, this is the section the plaintiff has been relying on throughout the case.  See e.g., Pl.'s Mem. in Opp'n to Mot. to Vacate (ECF No. 42).

In the context of commercial torts, the place of injury for purposes of § 52-59b(a)(3) "is generally the place where the critical events associated with the dispute took place."  Bross Utilities Serv. Corp. v. Aboubshait, 489 F. Supp. 1366, 1374 (D. Conn. 1980) aff'd, 646 F.2d 559 (2d Cir. 1980).  "In evaluating the 'critical events' for the purposes of jurisdiction . . . . the determinative factor is evidence of direct economic injury to the plaintiff within the state."  Connecticut Artcraft Corp. v. Smith, 574 F. Supp. 626, 629-30 (D. Conn. 1983).  Section 52-59b(a)(3) is not satisfied by consequential injuries such as lost profits

8

that occur in Connecticut only because the plaintiff is domiciled or doing business here.  See <u>Am. Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.</u>, 439 F.2d 428, 435 (2d Cir. 1971) (interpreting N.Y. Civ. Prac. L. & R. § 302(a)(3)); <u>Halo Tech Holdings, Inc. v. Cooper</u>, CIV 307-CV-489 AHN, 2008 WL 877156 at *10 (D. Conn. Mar. 26, 2008) ("The mere fact that a plaintiff that is domiciled or incorporated in Connecticut loses profits or suffers some other pecuniary injury does not necessarily mean it suffered direct economic injury in Connecticut.").

In <u>American Eutetic</u>, a Michigan corporation allegedly induced salesmen to leave the plaintiffs' employ and use the plaintiffs' confidential information to solicit the plaintiffs' customers in Kentucky and Pennsylvania.  439 F.2d at 430.  The court held that the allegedly tortious activity outside New York did not cause a cognizable 'injury' to the plaintiffs in New York even though there was "no question that plaintiffs suffered some harm in New York in the sense that any sale lost anywhere in the United States affects their profits."  <u>Id.</u> at 433.

In the recent telephone conference, plaintiff's counsel attempted to distinguish <u>American Eutetic</u> on the ground that

plaintiff's proprietary information was misappropriated in Connecticut.[3]  However, there is no allegation or evidence that the injury to the plaintiff in Connecticut resulting from the misappropriation was any different from the generalized injury alleged in American Eutetic.  This is reflected in the default judgment, which is based solely on losses relating to out-of-state accounts, Vaughan's and Fast Stop.  See Recommended Ruling on Damages (ECF No. 31) at 8-9.  Moreover, there is no allegation or evidence that Karam himself committed a tortious act in Connecticut, which would provide a basis for personal jurisdiction under a different section of the long-arm statute, § 52-59b(a)(2)).[4]

V. Conclusion

Accordingly, Karam's motion for reconsideration of the recommended ruling (ECF No. 89) is granted, and his motion to vacate the default judgment (ECF No. 38) is also granted.

---

[3]  The amended complaint alleges that the plaintiff provided Lynn with trade secrets and that she "wrongfully withheld" this proprietary information.  Am. Compl. at 11.  Karam has testified that he had no contact with Lynn in Connecticut.  See Tr. of Hr'g on Mot. to Vacate at 33-35, 80-82.

[4]  Because the plaintiff has not made a prima facie showing of personal jurisdiction under the long-arm statute, I do not address whether asserting personal jurisdiction over Karam would comport with due process.

Plaintiff will have 30 days from the entry of this Ruling and Order to file a memorandum showing why this action should not be dismissed for lack or personal jurisdiction.

So ordered this 5th day of March 2013.

                                        /s/RNC
                            Robert N. Chatigny
                    United States District Judge